# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:11CV136-RJC-DSC

| | |
|---|---|
| SHAQUEENA STURDIVANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION AND** |
| ) | **ORDER** |
| v. ) | |
| ) | |
| K&S SANITATION SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss" (Doc. 6) and "Defendant's Memorandum of Law in Support of Motion to Dismiss for Failure to State a Claim" (Doc. 6-1), both filed April 18, 2011 and Plaintiff's "Answer to Motion" (Doc. 7) filed on April 26, 2011. On May 5, 2011, Defendant filed "Defendant's Reply Memorandum in Support of Motion to Dismiss" (Doc. 8).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff's *pro se* form complaint contains summary allegations as well as a handwritten statement detailing the facts supporting her claim. Accepting the allegations of the *pro se* Complaint as true, as we must at this early stage in the proceedings, Plaintiff Shaqueena Sturdivant was

employed by Defendant K&S Sanitation Service, Inc. Compl. ¶B 2. Plaintiff alleges that she was subjected to sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"). Compl. ¶ D. In support of her sexual harassment claim, Plaintiff details multiple accounts of sexual harassment by James Knuckles. Compl. ¶¶ D-E. In support of her retaliation claim, Plaintiff states that she was "terminated due to refusing sexual requests and also placed on a blacklist preventing me from gaining employment for several months." Id. Plaintiff alleges that she filed charges with the Equal Employment Opportunity Commission ("EEOC") regarding the discriminatory conduct on or about September 29, 2010. The EEOC issued a "Dismissal and Notice of Rights"on December 27, 2010. The EEOC stated that is was closing its file on this charge because "Respondent employs less than the required number of employees." Doc. 2, p. 9.

On March 21, 2011, Plaintiff filed her Complaint against Defendant alleging sexual harassment and retaliation in violation of Title VII. Doc. 2. On April 18, 2011, Defendant filed this Motion to Dismiss. Doc. 6. Defendant argues that pursuant to Federal Rules of Civil Procedure 12(b)(6), Plaintiff's Complaint must be dismissed in its entirety because she failed to allege that Defendant had fifteen or more employees to qualify as a covered employer under Title VII.

In her "Answer to Motion" (Doc. 7), Plaintiff argues that her failure to allege that Defendant employed fifteen or more employees was an inadvertent error. Plaintiff asserts that she is dissatisfied with the EEOC's investigation which determined that Defendant did not employ fifteen or more employees and has asked the agency to reconsider her file and reopen their investigation. Plaintiff attached to her Response the letter she sent to the EEOC requesting that her case be reopened. She states that she was the office assistant for two years and she believes that Defendant

did employ fifteen employees during the relevant time period. This Motion has been fully briefed and is ripe for disposition.

## II. STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 554-55) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading

3

regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id. at 1951-52.

The undersigned is mindful of the latitude extended to the pleadings of *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a *pro se*] petitioner's inartful pleading liberally"); Thompson v. Echols, 191 F.3d 448 (4th Cir. 1999)("[h]owever inartfully pleaded by a *pro se* plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief"). In the context of a motion to dismiss a *pro se* complaint, "it is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff." Garrett v. Elko, 120 F.3d 261, *1 (4th Cir.1997)(per curiam).

### III. DISCUSSION OF CLAIMS

An employer must exceed a threshold of fifteen employees for each working day in twenty or more calendar weeks during the current or preceding calendar year in order to be subject to the

4

relevant provisions of Title VII. 42 U.S.C. § 2000e(b). Employers with less than fifteen employees are considered exempt from Title VII's requirements. Depaoli v. Vacation Sales Associates, L.L.C., 489 F.3d 615, 622 (4th Cir.2007). Because Title VII does not apply to all employers, "the threshold number of employees for application of Title VII is an element of a plaintiff's claim." Arbaugh v. Y & H Corp., 546 U.S. 500, 516 (2006). The fifteen employee requirement is an essential element of every employment discrimination claim under Title VII. Consequently, requiring a plaintiff to make such an allegation does not impose a heightened pleading requirement and is consistent with Fed.R.Civ.P. 8(a)(2)'s prescription that "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' " Iqbal, 129 S.Ct. at 1949 (quoting Fed.R.Civ.P. 8(a)(2)).

In this case, Plaintiff's Complaint does not allege that her employer met the fifteen employee requirement of Title VII. Furthermore, the EEOC "Dismissal and Notice of Rights" which Plaintiff attached to her Complaint specifically states that the EEOC was closing its file on this charge because "Respondent employs less than the required number of employees." Doc. 2, p. 9. Plaintiff in no way refutes this statement in her Complaint. However, in her Response (Doc. 7), Plaintiff states that she disputes this determination by the EEOC and requests that they reopen their investigation. In her letter to the EEOC, Plaintiff states that she believes that Defendant employed fifteen or more employees during the relevant period because she was the office assistant and was "aware of all the employees including the time frame in which they were employed with the company." Doc. 7, p. 2.

The undersigned finds that Plaintiff's Complaint fails to state a claim for which relief can be granted under Title VII because she failed to allege facts establishing an essential element of her claim, that her employer employed fifteen or more employees. However, based on the fact that the

5

form Complaint filed by Plaintiff did not contain a section to state whether Defendant employed fifteen or more employees as well as Plaintiff's assertion in her Response that she believes the EEOC's determination was incorrect, the undersigned finds that dismissal of Plaintiff's Complaint without prejudice is proper.

### III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's Motion to Dismiss (Doc. 6) be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v.

Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the Plaintiff, counsel for Defendant; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: May 13, 2011

David S. Cayer
United States Magistrate Judge