# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# Civil No. 3:11-cv-136-RJC-DSC

| | |
|---|---|
| SHAQUEENA STURDIVANT, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> ) <br> v. ) <br> ) <br> K&S SANITATION SERVICE, INC., ) <br> ) <br> Defendant. ) <br> ) | **ORDER** |

**THIS MATTER** comes before the Court on Defendant K&S Sanitation Service, Inc.'s ("Defendant") Objection, (Doc. No. 10), to the Magistrate Judge's May 13, 2011 Memorandum and Recommendation and Order, ("M&R"), (Doc. No. 9), recommending that this Court grant Defendant's Motion to Dismiss, (Doc. No. 6), without prejudice. Defendant argues that the Court should dismiss with prejudice. For the reasons set forth below, Defendant's objection is DENIED, the Magistrate Judge's M&R is ADOPTED, and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case, and the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th

Cir. 1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

## III. DISCUSSION

Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). Thus, employers with less than fifteen employees are considered exempt from Title VII's requirements. Depaoli v. Vacation Sales Assocs., L.L.C., 489 F.3d 615, 622 (4th Cir. 2007). Plaintiff's Complaint does not allege that Defendant met the fifteen-employee requirement of Title VII. See (Doc. No. 2). Plaintiff's Complaint, therefore, fails to state a claim for which relief can be granted under Title VII.

Defendant objects to the Magistrate's recommendation that Plaintiff's claims be dismissed without prejudice. (Doc. No. 10 at 1). The Magistrate Judge recommended that the Court dismiss without prejudice because: (1) "the form Complaint filed by Plaintiff did not contain a section to state whether Defendant employed fifteen or more employees" and (2) "Plaintiff[] assert[ed] in her Response that she believes the EEOC's determination was incorrect . . . ." (Doc. 9 at 5-6). With regard to the first item, Defendant argues that there is "no authority supporting the notion that a form complaint's perceived deficiency warrants dismissal of a complaint without prejudice." (Doc. No. 10 at 2). Regarding the second item, Defendant states that "[w]hile pro se complaints must be liberally construed, a pro se plaintiff must still plead facts in order to state a claim for relief." (Id. at 4).

Dismissal with prejudice amounts to an adjudication on the merits and will bar a subsequent suit on the same cause of action between the same parties. Dolgaleva v. Va. Beach City Public Schools, 364 F. App'x 820, 826, 2010 WL 325957, at *5 (4th Cir. 2010). Defendant cites Sado v. Leland Mem'l Hosp. in support of its contention that Plaintiff's Complaint should

3

be dismissed with prejudice. See 933 F. Supp. 490 (D. Md. 1996). Defendant states: "While pro se complaints must be liberally construed, a pro se plaintiff must still plead facts in order to state a claim for relief." (Doc. No. 10 at 4 (citing Sado, 933 F. Supp. at 493)). In Sado, however, the plaintiff "present[ed] no direct or circumstantial evidence of discrimination. He has pleaded no facts and cited no comments or actions on the part of any of his supervisors [at his company] that even remotely suggest[ed] a discriminatory attitude or intent on their part." Id. at 493. In contrast, Plaintiff in the present case alleged the following facts:

> In July 2009 . . . Mr. Knuckles patted me on my bottom as we were walking through an empty house with a realtor. . . . [The following day,] Mr. James Knuckles touched my vagina. . . . On July 8, 2009, I had a conversation with James Knuckles telling him to stop with the comments and touching. . . . In November 2009[,] I was at work in the copier room. Mr. James Knuckles came from behind and grabbed my breasts. . . . In March 2010[,] Mr. Knuckles came over and kissed me on my neck. I immediately told him to stop and get off me.

(Doc. No. 2 at 7).

"Generally speaking, pro se litigants are held to a less stringent standard than trained attorneys; the Court must afford a pro se complaint generous construction." Sado, 933 F. Supp. at 493 (citing Haines v. Kerner, 404 U.S. 519 (1972)). "Such litigants with otherwise meritorious claims are not to be defeated by failure to observe technical niceties." Id. (citing Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978)). Plaintiff states in her response to Defendant's Motion to Dismiss:

> Plaintiff has been very set on her opinion that K&S Sanitation employed 15 or more employees in 2009 and 2010. Plaintiff is dissatisfied with EEOC's investigation which determined K&S Sanitation did not meet federal guidelines. Plaintiff has alleged sexual harassment and sexual assault and should not be penalized for an inadvertent error which occurred by a pro se party.

(Doc. No. 7 at 1). Because the Court construes pro se litigants' complaints liberally, Estelle v. Gamble, 429 U.S. 97 (1976), the Court dismisses the Complaint without prejudice.

4

## IV. CONCLUSION

Plaintiff's Complaint fails to allege that Defendant employs fifteen or more employees as required for a violation of Title VII. Accordingly, the Court dismisses Plaintiff's complaint. However, the Court holds pro se plaintiffs to a less stringent standard than those represented by counsel. <u>Sado</u>, 933 F. Supp. at 493 (citing <u>Haines</u>, 404 U.S. at 519). Accordingly, the Court DENIES Defendant's objection to the M&R and DISMISSES Plaintiff's Complaint WITHOUT PREJUDICE.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's objection to the M&R is **DENIED**;

2. The Magistrate Judge's M&R is **ADOPTED**; and

3. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

Signed: October 24, 2011

Robert J. Conrad, Jr.
Chief United States District Judge